<mark>Order Form (01/2005)</mark>

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0186 | **DATE** | **MAR - 3 2011** |
| **CASE TITLE** | Anthony L. Davis (N84412) vs. Officer Dave Brain | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $18.29 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Illinois River Correctional Center. The clerk is directed to issue summonses for service on defendants Dave Brain and Thomas McNamara and appoints the U.S. Marshal's Service to effectuate service upon defendants. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. Defendant Aurora Police Department is dismissed as a defendant pursuant to 28 U.S.C. § 1915A. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Pro se plaintiff Anthony L. Brain has brought this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Aurora, Illinois police officers Dave Brain and Thomas McNamara, and the Aurora Police Department. (Dkt. No. 1). Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), and complaint for an initial review pursuant to 28 U.S.C. § 1915A.

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $18.29. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. (Dkt. No. 1). Plaintiff alleges that the police officer defendants were in the hallway of his apartment building on January 2, 2009. The officers allegedly asked plaintiff to step into the hallway and show them identification. Plaintiff refused and then attempted to close his apartment door. Officer Brain put

<mark>11C0186 Anthony L. Davis (N84412) vs. Officer Dave Brain</mark>  <mark>Page 1 of 3</mark>

his foot in the doorway forcing it back open. Plaintiff then told the officers that they could not enter into the home unless they had a warrant. The officers allegedly responded by pulling plaintiff into the hallway and beating and tasering him. Plaintiff claims that he was severely injured by the beating requiring six days in the hospital, a fractured eye socket and a recovery that required him to spend nine months in a wheelchair.

Plaintiff's complaint states a claim for both excessive force, *see VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006) (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989); *McNair v. Coffey*, 279 F.3d 463, 466-67 (7th Cir. 2002)), and unlawful entry into his home against Officers Brain and McNamara. *Pearls v. Terre Haute Police Dep't.*, 535 F.3d 621, 627 (7th Cir. 2008). Plaintiff may proceed with his case against the Officers.

However, plaintiff may not proceed against Defendant Aurora Police Department. The City of Aurora would be the real party in interest in any claim, and so it is improper to name the Aurora Police Department as a defendant. *Lewis v. City of Chicago*, 496 F.3d 645, 645 n.1 (7th Cir. 2007) (citing *Chan v. Modnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997)). In turn, Aurora may only be held liable for constitutional violations to the extent that plaintiff alleges a claim under *Monell v. Dep't of Soc. Servs. of the City of New York. Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009) (citing 436 U.S. 658 (1978)). "Misbehaving employees are responsible for their own conduct, 'units of government are responsible only for their policies rather than misconduct by their workers.'" *Lewis*, 496 F.3d at 656 (quoting *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007)). "To establish municipal liability under § 1983 . . . plaintiff must present sufficient evidence to show that the constitutional violation resulted from a municipal policy, custom or practice." *Waters*, 580 F.3d at 580 (citing *Monell*, 436 U.S. at 694). "To establish an official policy or custom, plaintiff must show that his constitutional injury was caused by (1) the enforcement of an express policy of the [municipality], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467-68 (7th Cir. 2007) (citing *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). Plaintiff has failed to provide any allegations that would establish a *Monell* claim against Aurora. He only mentions the January 2, 2009 event and fails to provide facts that plausibly suggest how this was part of an express policy, widespread practice or the result of an action by a person with final policymaking authority. Plaintiff also does not invoke the state indemnification statute in his complaint. *See* 745 ILCS 10/9-102 (West 2010); *see also Yang v. City of Chicago*, 137 F.3d 522 (7th Cir. 1998); *Wilson v. City of Chicago*, 120 F.3d 681 (7th Cir. 1997).

Finally, the Court notes that plaintiff's complaint was received on January 11, 2011 and his envelope was postmarked on January 7, 2011. (Dkt. No. 1). There is a two-year statute of limitations period for Section 1983 claims arising out of the January 2, 2009 event. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). However, plaintiff dates his complaint as December 14, 2010, (Dkt. No. 1 at 7), and the mailbox rule, *Houston v. Lack*, 487 U.S. 266 (1988), may be at play in the statute of limitations calculation. The Court cannot definitively determine the timeliness of the case from the face of the complaint, and so shall leave it to defendants to investigate this or any other affirmative defense further.

The clerk shall issue summonses for defendants Dave Brain and Thomas McNamara forthwith and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with

| STATEMENT |
|---|

process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the City of Aurora and the Aurora Police Department shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any Court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to the plaintiff.

In summary, the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $18.29 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Illinois River Correctional Center. The clerk is directed to issue summonses for service on defendants Dave Brain and Thomas McNamara and appoints the U.S. Marshal's Service to effectuate service upon defendants. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. Defendant Aurora Police Department is dismissed as a defendant pursuant to 28 U.S.C. § 1915A. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.