Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | Virginia M. Kendall |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0186 | **DATE** | April 5, 2011 |
| **CASE TITLE** | Anthony L. Davis (N84412) vs. Dave Brain and Thomas McNamara | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss (Dkt. No. 12) is denied. Defendants are ordered to answer the complaint by no later than April 19, 2011. The case is set for status on April 26, 2011 at 10:15 a.m. before Judge James B. Zagel. Defense counsel is to make appropriate arrangements to make Plaintiff available via telephone at the April 26th status conference.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Pro se Plaintiff Anthony L. Davis, an inmate at the Illinois River Correctional Center, has filed this civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants Aurora, Illinois police officers Dave Brain and Thomas McNamara unlawfully entered into his apartment and used excessive force on January 2, 2009. Judge Zagel previously allowed Plaintiff's complaint to proceed forward pursuant to an initial review under 28 U.S.C. § 1915A. (Dkt. No. 5). The screening order explained that Plaintiff had plausibly alleged both excessive force and unlawful entry claims against Defendants. (*Id.* at 2). Judge Zagel also noted that the statute of limitations could be involved in this case. (*Id.*). There is a two year statute of limitations that would have started on January 2, 2009. (*Id.* at 2 (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Judge Zagel, however, did not dismiss the complaint as untimely because he recognized that he could not definitively determine the timeliness of the action for the face of the complaint. (Dkt. No. 5 at 2). Notably, Plaintiff dated his complaint December 14, 2010, and Judge Zagel explained that the prisoner mailbox rule of *Houston v. Lack*, 487 U.S. 266 (1988), could apply. (Dkt. No. 5 at 2).

    Pending before the Court is Defendants' motion to dismiss which raises the statute of limitations argument that Judge Zagel previously refused to rule on in his screening order. (Dkt. No. 12). The motion has been notice for presented to this Court during Judge Zagel's temporary absence from the Court. *See* N.D. Ill. Local Rule 77.2 Committee Comment (explaining that a District Judge may designate another Judge to hear his or her motion call during that Judge's temporary absence from the Court). The designated substitute Judge may enter substantive decisions while the assigned Judge is absent from the Court. *Smith v. Chicago Sch. Reform Bd. of Tr.*, 165 F.3d 1142, 1477 (7th Cir. 1999) (citing *United States v. Teresi*, 484 F.2d 894, 898 (7th Cir. 1973)).

    Defendants argue that Plaintiff's complaint was postmarked January 7, 2011 and they use this date as

11C0186 Anthony L. Davis (N84412) vs. Dave Brain and Thomas McNamara      Page 1 of 2

| STATEMENT |
|---|

the date that Plaintiff's case was filed in this Court for statute of limitations period. (*Id*. at 2). Defendants believe this demonstrates that the case is untimely because there is more than two years between January 2, 2009 and January 7, 2011. (*Id*.).

A statute of limitations defense is an affirmative defense that Defendants traditional raise in their answer, but the defense may be appropriately raised in a motion when it is clear from the face of the complaint that the defense applies. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009); *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). The statute of limitations defense is not clear on the face of the complaint. If it was, Judge Zagel would have applied the defense during his initial § 1915A review and dismissed the case, but he explicitly refused to take that step.

At a minimum, there is an open question at this time regarding whether Plaintiff should receive the benefit of the prisoner mailbox rule. Under the prisoner mailbox rule, a prisoner Plaintiff's document is deemed filed with the Court on the date that the prisoner deposits the document in the prison mail system or otherwise turns the document over to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988); *Ingram v. Jones*, 507 F.3d 640, 643 (7th Cir. 2007); *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001) (per curiam). The Supreme Court in *Houston* explained that the date of delivery to prison authorities is the controlling date for the prison mailbox rule because pro se prisoners lose control over their documents once they have been turned over to prison officials for mailing, and prisoners must rely on prison officials because they cannot go to the court and file the documents on their own. 487 U.S. at 275.

Plaintiff does not automatically qualify for the prisoner mailbox rule simply because he is a prisoner, he must comply with the rule's requirements. *Ingram*, 507 F.3d at 644. The complaint does not provide sufficient information to conclusive determine whether the prisoner mailbox rule applies, or for that matter any other statute of limitations related argument, but this does not prevent Plaintiff from going forward with his case because he need not anticipate or respond to a potential statute of limitations defense in his complaint. *U.S. Gypsum Co. v. Indiana Gas Co. Inc.*, 350 F.3d 623, 626 (7th Cir. 2003) (citing *Gomez v. Toledo*, 446 U.S. 635 (1980)).

The one point that the Court can definitively decide at this time is that Defendants' reliance on the January 7, 2011 postmark date is misplaced. The postmark date is not used by the prisoner mailbox rule because, as explained above, the rule's focus is when the document is presented to prison officials for mailing, not when it was actually mailed. *Edwards*, 266 F.3d at 758 (explaining that a document is filed under the prisoner mailbox rule "at the moment of delivery to the prison authority."). Equally, if the prisoner mailbox rule does not apply, then the postmarked date will also be inapplicable.

As Judge Zagel previously stated in his screening order, Defendants may further investigate the statute of limitations issue and raise it through an appropriate procedural vehicle. The statute of limitations is an affirmative defense and the burden is on Defendants to investigate the factual and legal basis for the defense if they so desire. The Court's ruling is limited to the point that it cannot dismiss the complaint at this time because the statute of limitation defense is not apparent on the face of the complaint.

Defendants' motion to dismiss (Dkt. No. 12) is denied. Defendants are ordered to answer the complaint by no later than April 19, 2011. The case is set for status on April 26, 2011 at 10:15 a.m. before Judge James B. Zagel. Defense counsel is to make appropriate arrangements to make Plaintiff available via telephone at the April 26th status conference.